UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER WILLIAM HARRIS,

               Plaintiff,

    v.

MONIQUE NEAL, et al.,

               Defendants.

Case No. C24-0467-RAJ-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Christopher Harris is a federal prisoner housed at the Federal Detention Center-SeaTac and proceeds pro se and *in forma pauperis* in this civil rights action. Plaintiff names as Defendants Chief United States Probation Officer Monique Neal, Assistant United States Attorney Jocelyn Cooney, and United States Probation Officers Jaymie Parkhurst and Samantha Kerwin. Dkt. 8. He alleges Defendants knowingly filed a false affidavit to secure an arrest warrant dated March 1, 2024 and, in so doing, violated his Fourth, Fifth, and Fourteenth Amendment rights, as well as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Franks v. Delaware*, 438 U.S. 154 (1978). *Id.* He seeks monetary damages as relief, and also requests "new probation officers" or the dismissal of his supervised release. *Id.* The Court, as discussed below,

recommends this matter be dismissed as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), for seeking relief from immune defendants, and for seeking relief not available in this action.

<u>BACKGROUND</u>

Plaintiff's claims relate to events occurring in his recent criminal proceedings in this Court. *See United States v. Harris*, CR23-0019-RAJ. In those proceedings, on March 1, 2024, the Court granted a Petition for Warrant or Summons for a Person Under Supervision based on Plaintiff's failure to report to a halfway house as directed. *Id*., Dkt. 68. The Court subsequently, on April 5, 2024, entered a judgment, revoking a term of supervision, imposing a custodial term of sixty days, and re-imposing thirty-four months of supervised release. *Id.*, Dkts. 83-84. On April 19, 2024, Plaintiff filed a Notice of Appeal to the Ninth Circuit. *Id.*, Dkt. 93.

On the same day the Court entered judgment in the criminal proceedings, Plaintiff filed the proposed complaint in the current matter. *See Harris v. Neal*, C24-0467-RAJ-SKV, Dkt. 1. All of his claims relate to his contention that Defendants knowingly filed a false affidavit to secure the March 1, 2024 arrest warrant. *See* Dkt. 8. He alleges that the affidavit falsely indicated he had been directed to report to "Pioneer Fellowship Halfway House," when, he contends, he had actually been directed to report to probation. *See id*.

<u>DISCUSSION</u>

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

1    who is immune from such relief." *Id.* at (b); *see also* 28 U.S.C. § 1915(e)(2); *Barren v.*

2    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

3            Plaintiff brings his claims against federal actors and, therefore, pursuant to *Bivens v. Six*

4    *Unknown Named Agents*, 403 U.S. 388 (1971).  *Bivens* actions are the judicially-crafted

5    counterpart to actions under 42 U.S.C. § 1983.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th

6    Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement

7    of a state actor under § 1983 by a federal actor under *Bivens*.").  They enable a plaintiff to sue

8    individual federal officers for damages resulting from alleged violations of constitutional rights.

9    *See Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (stating that, in *Bivens*, the United States

10   Supreme Court "'recognized for the first time an implied right of action for damages against

11   federal officers alleged to have violated a citizen's constitutional rights.'") (quoting *Correctional*

12   *Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

13           To state a claim under *Bivens* and its progeny, a plaintiff must allege that (1) a right

14   secured by the Constitution of the United States was violated and (2) the alleged violation was

15   committed by a federal actor.  *Van Strum*, 940 F.2d at 409.  A *Bivens* claim is not available

16   against a federal agency, *FDIC v. Meyer*, 510 U.S. 471, 486 (1994), and must be brought against

17   a federal officer in his or her individual capacity, *Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir.

18   2007) (holding that plaintiff could not sue agents for damages in their official capacity and that

19   plaintiff must sue the officers in their individual capacities).

20   A.    <u>Heck Bar</u>

21           A civil rights complaint under § 1983 or *Bivens* cannot proceed when "a judgment in

22   favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

23   would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction

or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added); *see also*

*Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying the rationale of *Heck* to *Bivens*

actions).  Stated another way: "Where success in a prisoner's [civil rights] damages action would

implicitly question the validity of conviction or duration of sentence, the litigant must first

achieve favorable termination of his available state, or federal habeas, opportunities to challenge

the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

In this case, Plaintiff cannot show that the judgment in his criminal proceedings has been

reversed on appeal or called into question by the issuance of a writ of habeas corpus.  Indeed,

Plaintiff only very recently filed his notice of appeal in relation to those proceedings.  *See United*

*States v. Harris*, CR23-0019-RAJ, Dkt. 93.  It is further clear that Plaintiff's claims against the

named Defendants, including an Assistant United States Attorney and three United States

Probation Officers, are premised on his belief that he was wrongly found to have been in

violation of his term of supervision.  Because a decision granting his claims for relief would

invalidate the judgment, his claims are barred by *Heck* and must be dismissed.  *Heck*, 512 U.S. at

481–82.

B.    Immune Defendants

Section 1983 or *Bivens* claims for monetary damages against judges and prosecutors are

barred by absolute judicial and prosecutorial immunities.  *See Mireles v. Waco*, 502 U.S. 9, 9-12

(1991) (judicial immunity), and *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976) (prosecutorial

immunity).  Prosecutorial immunity applies to conduct "intimately associated with the judicial

phase of the criminal process," protecting prosecutors when performing traditional activities

related to the initiation and presentation of criminal prosecutions.  *Imbler*, 424 U.S. at 430-31;

*accord Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a

prosecutor has absolute immunity for the decision to prosecute a particular case[.]")  Allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or suppression or destruction of evidence are subject to dismissal on grounds of prosecutorial immunity.  *See*, *e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984) (prosecutorial immunity applies to destruction of evidence).

Judicial immunity extends to officials performing functions integral to the judicial process.  *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987).  The Ninth Circuit has recognized quasi-judicial immunity in a number of areas where officials are performing functions integral to judicial proceedings, including probation officers preparing reports for the use of courts.  *See Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986) (finding probation officers preparing presentencing reports for state court judges entitled to absolute judicial immunity from personal damage actions brought under § 1983.  This absolute immunity "fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran*, 781 F.2d at 158 (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Allegations that a judicial officer acted out of malice or bad faith in executing their duties do not suffice to sustain a complaint because "[a]ny contrary rule would undermine the officer's ability

1    to use his independent judgment during the execution of his responsibilities without fear of suit

2    before another tribunal." *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 31 (1980)).

3         In this case, Plaintiff bases his claims on an allegation that Defendants knowingly filed a

4    false affidavit to secure an arrest warrant. Plaintiff's claims challenge Defendants' participation

5    in Plaintiff's prosecution and incarceration as part of or in furtherance of the judicial process.

6    The challenged conduct therefore falls within that protected by prosecutorial and quasi-judicial

7    immunities. *See, e.g., Reyes v. U.S. Dist. Ct. for the W. Dist. of Washington*, C08-5159, 2008

8    WL 4103973, at *3 (W.D. Wash. Aug. 20, 2008) (finding United States Attorney, Assistant

9    Attorney, and Probation Officers entitled to absolute prosecutorial and quasi-judicial immunity

10   from *Bivens* claims challenging their conduct performing prosecutorial and other functions

11   necessarily integral to the judicial process). Accordingly, even if Plaintiff's claims were not

12   barred under *Heck*, they would face dismissal based on Defendants' immunity. *See Hui v.*

13   *Castaneda*, 559 U.S. 799, 807 (2010) ("Even circumstances in which a *Bivens* remedy is

14   generally available, an action under *Bivens* will be defeated if the defendant is immune from

15   suit.")

16   C.    <u>Other Relief Requested</u>

17        Plaintiff also includes requests for relief beyond damages and associated with his

18   criminal proceedings. That is, he requests the assignment of "new probation officers" or the

19   dismissal of his supervised release. *See* Dkt. 8. However, the equitable relief sought is not

20   available under *Bivens*. *See Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016)

21   ("holding that relief under *Bivens* does not encompass injunctive and declaratory relief where, as

22   here, the equitable relief sought requires official government action.") (citing, *inter alia*, *Higazy*

23   *v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is

an award for monetary damages from defendants in their individual capacities.")) *Accord Harper v. Nedd*, 71 F.4th 1181, 1188 n.2 (9th Cir. 2023).  Moreover, "[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus[.]" *Muhammad*, 540 U.S. at 750 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *accord Heck*, 512 U.S. at 481.  A vacated conviction and release from confinement is therefore not available as a remedy in a *Bivens* action.  *See id.  See also Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("To the extent that Trimble is contending that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus.") (citations omitted). Accordingly, neither an assignment of new probation officers, nor dismissal of supervised release is available as relief in this action.

<u>CONCLUSION</u>

As stated above, the Court shall dismiss a case at any time where it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B) and § 1915A(b). Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the litigant the opportunity to amend the complaint.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect."  *Id.*

In this case, Plaintiff's claims are both barred by *Heck* and brought against individuals who have absolute prosecutorial and quasi-judicial immunity, and he include requests for relief not available in this action.  Plaintiff would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case.  This is more than the rule of liberally granting leave to amend requires.  The

Court, accordingly, recommends that this action be DISMISSED.  Also, because the Defendants are entitled to absolute prosecutorial and quasi-judicial immunity for the events at issue, the dismissal should be without leave to amend and with prejudice.[1]  A proposed Order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation must be filed with the Clerk and served upon all parties not later than **twenty-one (21) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **twenty-one (21) days** from the date they are filed. Responses to objections may be filed within **fifteen (15) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 29, 2024**.

Dated this 7th day of May, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Plaintiff also filed a motion to amend his complaint, seeking to add a claim for negligence and to name United States Probation Officer Julie Janson as a defendant.  Dkt. 5.  In addition to the fact that the proposed amendments would not cure the defects described above, Plaintiff's motion to amend is procedurally deficient in failing to attach a proposed amended complaint, *see* Local Civil Rule (LCR) 15, and is therefore STRICKEN from the docket.  However, if Plaintiff believes he can cure the defects described above by amendment, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.